MUTUAL ALLIANCE TRUST CO. v. GREENBERGER.

(Supreme Court, Appellate Term.   February 23, 1904.)

1. PROCESS—RETURN DAY—MISTAKE IN DATE.
    Where a copy of the summons served on defendant was dated February 26th, and made returnable February 10th, though a clerk of the plaintiff's attorney discovered the error when the summons was served, and offered to correct the same, the court acquired no jurisdiction.

2. FRAUD—EVIDENCE.
    Evidence that plaintiff trust company allowed defendant to overdraw a specified sum, and that he had not paid it, did not warrant a judgment for plaintiff in an action for "damages for fraud and fraudulent representations."

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Mutual Alliance Trust Company against Morris Greenberger. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH, and McCALL, JJ.

D. Bernstein, for appellant.

Rosenthal & Brown, for respondent.

McCALL, J. The respondent filed no brief in this case. It is conceded that the copy of the summons served upon the defendant herein was dated February 26, 1903, and made returnable February 10, 1903. Defendant appeared specially by motion before and again at the return day, and asked that the proceedings be discontinued, upon the ground that no service of the summons in the case had been made upon him. The claim of the plaintiff was that when the summons was served upon the defendant a clerk of plaintiff's attorney, discovering the error in the day named in the summons as the return day thereof, offered to correct the same. The court thereupon denied defendant's motion, and the plaintiff took an inquest.

The complaint was "damages for fraud and fraudulent representations," and upon affidavits setting up allegations which it is claimed constituted fraud on the part of the defendant an attachment was issued, and a levy made thereunder upon property of defendant. Neither the affidavits used to obtain the warrant of attachment nor the evidence given on the inquest constitute fraud or fraudulent representations. The plaintiff's testimony was that: "We allowed Mr. Greenberger to overdraw $70 and some cents on four checks." This sum the defendant had not paid. The court below acquired no jurisdiction over the person of the defendant, and the testimony fails to show any evidence to warrant the judgment rendered.

Judgment reversed, with costs. All concur.